# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTON OMAR JACKSON, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Criminal Case No. 08-cr-4324 DMS <br> Civil Case No. 16-cv-1545 DMS <br><br> **ORDER DENYING (1) MOTION TO STAY AND (2) MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |

Pending before the Court is Petitioner Quinton Omar Jackson's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. Petitioner moves to vacate his sentence pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). Respondent United States of America opposes and also moves to stay proceedings pending a decision by the United States Court of Appeals for the Ninth Circuit in *United States v. Begay*, No. 14-10080, and a decision by the United States Supreme Court in *Sessions v. Dimaya*, No. 15-1498.[1] For the reasons set out below, the Court denies Respondent's motion to stay and Petitioner's motion to vacate.

---

[1] Renamed from "*Lynch*" following the appointment of the new Attorney General.

– 1 –

93-cr-0351

# I.

# BACKGROUND

On October 13, 2010, the jury found Petitioner guilty of two counts of conspiracy to commit a robbery, in violation of 18 U.S.C. §§ 7(3), 371, & 2111, seven counts of robbery, in violation of 18 U.S.C. §§ 2, 7(3), & 2111, and one count of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 & 924(c)(1).

The probation department prepared a Presentence Report and calculated a guideline range of 108 to 135 months as to the conspiracy and robbery counts. It also determined Petitioner was subject to a seven-year consecutive sentence as to the § 924(c) violation. At the sentencing hearing on December 13, 2012, the Court sentenced Petitioner to a total term of 150 months.

On May 19, 2016, Petitioner filed the present motion, challenging his sentence in light of the Supreme Court decision in *Johnson*.[2] Petitioner argues *Johnson* renders the residual clause in 18 U.S.C. § 924(c)(3) unconstitutional, and further argues *Johnson* applies retroactively on collateral review pursuant to *Welch*. Thus, Petitioner contends he is entitled to relief because his conspiracy to commit a robbery and robbery no longer qualify as a crime of violence.

Respondent initially asserts this case should be stayed pending the Ninth Circuit's decision in *Begay* and the Supreme Court's decision in *Dimaya*. In opposition to Petitioner's motion, Respondent argues Petitioner is not entitled to relief for the following reasons: (1) Petitioner waived his right to collaterally attack his sentence, (2) Petitioner procedurally defaulted his challenge to § 924(c)(3)(B),

---

[2] Because the present motion is Petitioner's second or successive § 2255 motion, Petitioner filed the motion protectively with this Court and also filed an application for authorization to file a second or successive § 2255 motion with the Ninth Circuit. On January 23, 2017, the Ninth Circuit issued an order, granting Petitioner's application.

(3) Petitioner did not meet the burden of proving he was convicted under the residual clause in § 924(c)(3), (4) *Johnson* does not invalidate the residual clause in § 924(c)(3), and (5) Petitioner's convictions remain crimes of violence even if the residual clause in § 924(c)(3) is rendered unconstitutional pursuant to *Johnson*.[3]

## II.
## DISCUSSION

**A.  Motion to Stay**

Respondent moves to stay pending the Ninth Circuit's decision in *Begay* and the Supreme Court's decision in *Diamaya*. In *Begay*, the Ninth Circuit will likely address the issue of whether the residual clause of 18 U.S.C. § 924(c)(3) is unconstitutionally vague in light of *Johnson*. Because *Begay* would potentially resolve the issue of whether the residual clause in § 924(c) is unconstitutionally vague, Respondent contends a stay is appropriate.

The Supreme Court granted certiorari in *Dimaya*, where the Ninth Circuit held the definition of "crime of violence" in 16 U.S.C. § 16(b), as incorporated in the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43)(F), is void for vagueness. *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015). Respondent argues Petitioner will have no grounds for relief if the Supreme Court reverses the Ninth Circuit in *Dimaya*.

The Court finds any benefit that might be conferred by waiting for a decision in *Dimaya* or *Begay* is outweighed by the prejudice to Petitioner of further delay. *Begay* has been fully briefed and argued, and was submitted for decision on May 26, 2016. However, as of the date of this order, *Begay* remains stayed as the Ninth Circuit has deferred its decision in *Begay* pending the resolution of *Dimaya*. *Dimaya*, which has also been fully brief and argued, was restored to the calendar for

---

[3] Although Petitioner was convicted of conspiracy to commit robbery and robbery under § 2111, Respondent erroneously argues Hobbs Act robbery under § 1951(a) remains a crime of violence under the force clause.

reargument on June 26, 2017, and set for reargument on October 2, 2017. Accordingly, the Supreme Court will not be issuing a decision until its next term, which ends in June 2018.

Given the potential 11-month delay until the Supreme Court issues a decision in *Dimaya*, and further delay for the Ninth Circuit to issue a decision in *Begay*, considerations of judicial economy do not justify entering a stay here. As stated in *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000), "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." Because habeas relief is intended to be a "'swift and imperative remedy in all cases of illegal restraint or confinement[,]'" this Court finds a stay is not warranted.[4] *Id.* (quoting *Fay v. Noia*, 372 U.S. 391, 400 (1963)). Accordingly, Respondent's motion to stay is denied.

## B. Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255

### 1. Legal Standard

A prisoner in custody may move the federal court that imposed a sentence upon him to vacate, set aside, or correct that sentence on the ground that:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]

28. U.S.C. § 2255(a). If the court determines that relief is warranted under § 2255, it must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id*. at § 2255(b).

///

---

[4] The Court also notes that because *Dimaya* concerns the INA, not 18 U.S.C. § 924(c), it is not certain how much guidance the Supreme Court's decision in *Dimaya* will provide to the Court in resolving the present motion.

**2. Analysis**

Petitioner argues neither conspiracy to commit robbery nor robbery under § 2111 qualifies as a "crime of violence" under 18 U.S.C. § 924(c) in light of *Johnson*. Section 924(c) defines "crime of violence" as:

> an offense that is a felony and–
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Specifically, Petitioner contends conspiracy to commit robbery and robbery do not qualify as crimes of violence under subdivision (A), the "force" clause, because they do not require proof of intentional use or threatened use of violent physical force. Petitioner further argues conspiracy to commit robbery and robbery also do not qualify as crimes of violence under subdivision (B), the "residual" clause, because *Johnson* has rendered the clause unconstitutionally vague.

Robber under § 2111, however, remains a crime of violence under the force clause without reference to the residual clause. The language under § 2111, aside from a special maritime and territorial jurisdictional requirement, is essentially identical to that of § 2113, which prohibits armed bank robbery and a lesser-included offense of bank robbery. In *United States v. Wright*, 215 F.3d 1020 (9th Cir. 2000), the Ninth Circuit held armed bank robbery under § 2113(a) qualifies as a crime of violence, and thus, may serve as a predicate offense to support a conviction for using or carrying a firearm under § 924(c). *Id.* at 1028. The Court reasoned, "18 U.S.C. § 924(c)(3) defines a crime of violence for purposes of § 924(c) as a felony that 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.' Armed bank robbery qualifies as a crime of violence because one of the elements of the offense is a taking 'by force and violence, or by

intimidation.'" *Id.* (quoting 18 U.S.C. § 2113(a)); *see United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (finding that "requirement that property be taken either 'by force and violence' or 'by intimidation' requires proof of force or threat of force as an element of the offense.") (internal quotation marks and citation omitted); *United States v. Steppes*, 651 F. App'x 697, 698 (9th Cir. 2016) (citing *Selfa* and holding § 2113(a) qualifies as a crime of violence under the force clause in § 4B1.2(a)). The analysis in *Wright* applies equally well to the present action. Therefore, robbery under § 2111 remains a crime of violence under the force clause in § 924(c)(3).

In contrast, conspiracy to commit robbery is a crime of violence under the residual clause in § 924(c)(3). *See United States v. Averhart*, No. 11-CR-1861-DMS (S.D. Cal. Nov. 21, 2016). Therefore, unless *Johnson* renders § 924(c)(3)(A) unconstitutionally vague, Petitioner is not entitled to relief. In *Johnson*, the Supreme Court found unconstitutionally vague the residual clause of the Armed Career Criminal Act ("ACCA"), 28 U.S.C. § 924(e)(2)(B). *Johnson*, 135 S. Ct. at 2551. The residual clause defined a "violent felony" as one that "'otherwise involves conduct that presents a serious potential risk of physical injury to another.'" *Id*. at 2555–56 (quoting 18 U.S.C. § 924(e)(2)(B)). In finding the residual clause unconstitutional, the Court first reasoned the clause left "grave uncertainty about how to estimate the risk posed by a crime" because "[i]t ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* at 2557. The Court also reasoned the clause left "uncertainty about how much risk it takes for a crime to qualify as a violent felony" because it forced courts to determine potential risk "in light of the four enumerated crimes—burglary, arson, extortion, and crimes involving the use of explosives[, which] are 'far from clear in respect to the degree of risk each poses.'" *Id.* at 2558 (quoting *Begay v. United States*, 553 U.S. 137, 143 (2008)). Accordingly, the Court concluded "imposing an increased sentence under the residual clause of the [ACCA]

violates the Constitution's guarantee of due process." *Id.* at 2563.

Notably, the Supreme Court in *Johnson* considered the constitutionality of ACCA's residual clause, not § 924(c)(3)(B). *See Johnson*, 135 S. Ct. at 2551. Moreover, the Court was clear in limiting the reach of its decision. *Id*. at 2554 ("Holding the residual clause void for vagueness does not put other criminal laws that use terms such as 'substantial risk' in doubt, because those laws generally require gauging the riskiness of an individual's conduct on a particular occasion, not the riskiness of an idealized ordinary case of the crime"); *United States v. Moreno-Aguilar*, No. RWT 13-CR-0496, 2016 WL 4089563, at *8 (D. Md. Aug. 2, 2016) ("Unmooring *Johnson* from this reasoning would potentially invalidate countless statutes. *See*, *e.g.*, 18 U.S.C. § 3559(c)(2)(F); 18 U.S.C. § 16(b); 18 U.S.C. §§ 3142(f)(1)(A) and (g)(1); 18 U.S.C. § 521(d)(3)(C)."). Indeed, the Court expressly stated, "As a general matter, we do not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct[.]" *Johnson*, 135 S. Ct. at 2561.

Currently, the Ninth Circuit has yet to address the issue of whether *Johnson* applies to the residual clause in § 924(c)(3). Other circuit courts, however, have held *Johnson* does not render § 924(c)(3)(B) unconstitutionally vague because several factors distinguish ACCA's residual clause from § 924(c)(3)(B). *See*, *e.g.*, *United States v. Hill*, 832 F.3d 135, 144–50 (2d Cir. 2016); *United States v. Davis*, No. 16-10330, 2017 WL 436037, at *2 (5th Cir. Jan. 31, 2017); *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016); *United States v. Prickett*, 839 F.3d 697, 698–700 (8th Cir. 2016). The Court finds the reasoning of these circuit decisions persuasive. *See United States v. Lasker*, No. 10-CR-4732-DMS-1 (S.D. Cal. Mar. 6, 2017); *United States v. Averhart*, No. 11-CR-1861-DMS (S.D. Cal. Nov. 21, 2016).

Nevertheless, Petitioner argues the Court should not follow these circuit precedents, but should rely on the Ninth Circuit's decision in *Dimaya* to find that

§ 924(c)(3)(B) is unconstitutionally vague. In *Dimaya*, the Court found unconstitutionally vague the identically worded definition of "crime of violence" in 16 U.S.C. § 16(b), as incorporated in the INA, 8 U.S.C. § 1101(a)(43)(F). *Dimaya*, 803 F.3d at 1120. *Dimaya*, however, did not hold that *Johnson* renders the definition of crime of violence in § 16(b) unconstitutionally vague. The Court held unconstitutional the definition of aggravated felony in the INA which includes § 16(b)'s crime of violence definition. *Id*. at 1114–20. Indeed, the Court made clear its decision "does not reach the constitutionality of applications of 18 U.S.C. § 16(b) outside of 8 U.S.C. § 1101(a)(43)(F) or cast any doubt on the constitutionality of 18 U.S.C. § 16(a)'s definition of a crime of violence." *Id.* at 1120 n.17. Although the language in § 16(b) and § 924(c)(3)(B) is identical, the issue of whether § 16(b) as incorporated into § 1101(a)(43)(F) is unconstitutional after *Johnson* is different from the issue of whether § 924(c)(3)(B) is unconstitutional after *Johnson*. For example, the Sixth Circuit, like the Ninth Circuit, has held § 16(b) as incorporated into § 1101(a)(43)(B) is unconstitutionally vague after *Johnson*; the Court, however, also held *Johnson* does not render § 924(c)(3)(B) unconstitutionally vague. *See Shuti v. Lynch*, 828 F.3d 440, 441, 450–51 (6th Cir. 2016); *Taylor*, 814 F.3d at 375–79. Therefore, *Dimaya* does not compel the Court to hold § 924(c)(3)(B) unconstitutional. *See*, *e.g.*, *Mondragon-Hernandez v. United States*, No. 10-CR-3173-H-1, 2017 WL 1080600, at *4 (S.D. Cal. Mar. 22, 2017) (*Dimaya* does not control the issue of constitutionality of § 924(c)(3)(B)); *United States v. Sehorn*, No. 16CV1573 WQH, 2017 WL 1336872, at *4 (S.D. Cal. Feb. 17, 2017) (same).

Petitioner's conviction for robbery remains a crime of violence under § 924(c)(3)(A) and conviction for conspiracy to commit robbery remains a crime of violence under § 924(c)(3)(B). Therefore, Petitioner is not entitled to relief.[5]

---

[5] Because the motion fails on the merits, the Court declines to address Respondent's remaining arguments.

Accordingly, the Court denies Petitioner's motion.

## III.

## CONCLUSION

For the foregoing reasons, Respondent's Motion to Stay and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 are denied. The Court grants Petitioner a certificate of appealability. The Clerk is directed to close the associated civil case.

**IT IS SO ORDERED.**

Dated: August 2, 2017

Hon. Dana M. Sabraw
United States District Judge